UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIONNE M. PAMON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2061-X-BK |
| | § | |
| UNITED STATES POSTAL SERVICE, et al., | § | |
| | § | |
| *Defendants,* | § | |

### **MEMORANDUM OPINION AND ORDER**

Before the Court are two motions. Among these are plaintiff's motions to compel judges (Docs. 76, 82) and an emergency motion to the Chief Judge[1] to remove the undersigned and other judges from this case (Doc. 91). The Court retracts the reference as to the above motions. The Court addresses each motion below.

*Emergency Motions to Compel* (Docs. 76, 82). Dionne M. Pamon filed these motions to compel the undersigned to compel Magistrate Judge Toliver to rule on a recusal motion and for the undersigned and Judge Fish to either (1) rule on a pending recusal motion to Magistrate Judge Toliver or (2) direct referral to the Chief Judge (but only if no ruling is issued in seven days). The second motion to compel also generally asks the Chief Judge to "take immediate action." Regardless of the merits

---

[1] The motion references Judge O'Connor as the Chief Judge. He is not. That position is held by Chief Judge David C. Godbey. Thus, this order simply uses the term "Chief Judge."

1

of the motions, Judge Toliver recently ruled on the motion to recuse, and it was denied. (Doc. 96). As a result, the Court **FINDS AS MOOT** the motions to compel.

*Motion for Removal* (Doc. 91). This motion is procedurally improper, because it is addressed to the Chief Judge, but Pamon identifies no means by which one can appeal to the Chief Judge to have another judge removed from a case. But if the Court construed it as being addressed to the undersigned, the Court would deny the motion anyway. Pamon seems to argue that she can direct the Court to rule by a certain date and the Court's failure to abide by her deadline is somehow a basis for mandamus. That's not how any of that works. The reason is that the Court is not under any duty to rule by Pamon's requested deadlines. But because the motion is procedurally improper, the Court **DENIES WITHOUT PREJUDICE** the motion.

Finally, the Court noticed that Pamon violated the Court's stand down order. The Court **STRIKES** the filings at Docs. 95 and 98. Further violations of the stand down order may be grounds for dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED** this 7th day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE