UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIONNE M. PAMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2061-X-BK |
| | § | |
| UNITED STATES POSTAL SERVICE, et al., | § | |
| | § | |
| *Defendants*. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 97). Dionne M. Pamon filed seven objections—a biblically complete but legally aggressive number. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. The Court addresses each of Pamon's objections below.

#### A. Magistrate Judge's Order Is Void

Pamon argues that the Magistrate Judge's findings, conclusions, and recommendation are void because defendants filed motions to dismiss before they were served. There is simply no legal principle that requires a party to be served

1

before they appear and file a motion in a case. Nothing about that is procedurally defective.

### B. Selectively Ruling on an Isolated Motion

Pamon faults the Magistrate Judge for "bypass[ing]" her motion for default judgment against Te'Andrea Campbell. But Campbell attempted to defend prior to the request for an entry of default. Indeed, less than 60 days after service, Campbell filed a motion to dismiss at Doc. 63. There is nothing wrong with this either. Regardless, even if there was a problem, the Court now **DENIES** Pamon's motion for default judgment at Doc. 77 because there was no default.1 Pamon tries to argue that because the appearance was in Campbell's individual capacity, as opposed to her official capacity, that Pamon is entitled to default as to Campbell's official capacity. But under the Westfall Act, the United States substituted itself for the official capacity claims against Campbell. And the United States Postal Service had already appeared and filed a motion to dismiss. So, there is no possibility for default here.

### C. Plausible Claim for Relief

The Court addresses the sufficiency of the pleadings in the following three categories: as against the Postal Service, as against the American Postal Workers Union and Singleton, and as against Campbell in her individual capacity.

*Postal Service.* Pamon brought five claims against the Postal Service:

---

[1] The Court retracts the reference as to the motion at Doc. 77 and the motion at Doc. 74.

(1) negligent misrepresentation, (2) intentional misrepresentation, (3) violation of the Family and Medical Leave Act, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress. The Magistrate Judge recommended dismissing claims (1), (2), and (4) for want of jurisdiction. Pamon never objected to this conclusion. And the Court finds no clear error in that analysis. The Postal Service accepts that the Family and Medical Leave Act claim is viable.[2] The only remaining piece that Pamon objected to is the negligent infliction of emotional distress claim. This is a state law claim, not a federal claim. But in Texas, there is no negligent infliction of emotional distress claim.[3] Therefore, the Postal Service's motion is **GRANTED**.

*Roderick Singleton and American Postal Workers Union.* Pamon's claim against these defendants is intentional infliction of emotional distress. Pamon never objects to the Magistrate Judge's treatment of this claim, and the Court finds no clear error in that analysis.[4] Accordingly, the Court **DISMISSES** it.

*Campbell.* Pamon sued Campbell in her individual capacity for violations of the Family and Medical Leave Act—namely retaliation and interference. But

---

[2] Doc. 35 at 16.

[3] *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 87 (5th Cir. 1997) ("In 1993, the Texas Supreme Court eliminated negligent infliction of emotional distress as a cause of action."). The Court also dismisses other claims of negligent infliction of emotional distress against other defendants.

[4] Pamon does appear to try to add a brand-new claim for breach of the duty of fair representation in her objection. Objections to Findings, Conclusions, and Recommendations are not the place to amend complaints. Nevertheless, Pamon never objected to the Magistrate Judge's denial of leave to amend. And the Court finds no clear error in refraining from having an objection amend a complaint.

3

Pamon must overcome Campbell's qualified immunity first.[5] The Magistrate Judge noted that Pamon has failed to show how her clearly established right was violated. She asserts her "clearly established" right is "the right to take FMLA leave without being forced to return to the workplace to participate in disciplinary proceedings."[6] But here, Pamon has entirely failed to provide any caselaw clearly establishing that right, as is her burden.[7]

### D.  Westfall Act

Pamon argues that the Magistrate Judge's analysis of her objection to the United States's Westfall Act invocation was incorrect. Not so. The burden rests with the plaintiff to show that the actions taken were not within the scope of employment.[8] Not only does the Westfall Act notice only apply to the fourth and fifth causes of action (non-Family and Medical Leave Act), Pamon never even comes close to carrying her burden. The closest she does get is claiming that criminal conduct, as a matter of law, is outside the scope of employment. But the scope-of-employment inquiry is not automatically satisfied by asserting criminal conduct occurred.[9] Pamon needed more, yet she failed to provide more. As a result, the Court **OVERRULES** her objection to Doc. 64 and **FINDS AS MOOT** Doc. 74.

---

[5] The Court addresses the objection to qualified immunity in this section.

[6] Doc. 102 at 12.

[7] *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020).

[8] *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995).

[9] *See Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011).

### E. Criminal Actions

Pamon argues that the Magistrate Judge erred in bringing up Pamon's use of criminal statutes to support her claims. But even if Pamon is right that she did not intend to rely on those statutes for her claims, that just means there are no claims there. Thus, there really is no meaningful objection here.

*   *   *

For the foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. The only claim remaining is Pamon's Family and Medical Leave Act claim against the Postal Service.

**IT IS SO ORDERED** this 21st day of August 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE