UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIONNE M. PAMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  3:24-CV-2061-X-BK |
| | § | |
| UNITED STATES POSTAL SERVICE, et al., | § | |
| | § | |
| *Defendants,* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Dionne M. Pamon's Emergency Motion for Stay of Proceedings Pending Ruling on Petition for Writ of Mandamus.  (Doc. No. 104). "Because mandamus requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending."[1]  That said, "a stay may be granted in the court's discretion."[2]

In determining whether to exercise its authority, the Court should consider "(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

---

[1] *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (cleaned up).

[2] *Id.*

1

interested in the proceeding; and (4) where the public interest lies."[3] The moving party bears the burden of establishing these factors in order to show "that the circumstances justify an exercise of [the Court's] discretion."[4] Pamon cites no law as *any* of the factors. Thus, the Court declines to stay this case pending the resolution of Pamon's *yet to be filed* mandamus petition. Accordingly, the Motion for Stay is **DENIED**.

**IT IS SO ORDERED** this 28th day of August, 2025.

Brantley Starr
UNITED STATES DISTRICT JUDGE

---

[3] *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (cleaned up); *see also Nken v. Holder*, 556 U.S. 418 (2009).

[4] *Nken*, 556 U.S. at 433–34.