UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIONNE M. PAMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  3:24-CV-2061-X-BK |
| | § | |
| UNITED STATES POSTAL | § | |
| SERVICE, et al., | § | |
| | § | |
| *Defendants,* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Dionne M. Pamon's Response and Objection to the Magistrate Judge's Order.  (Doc. 149)  Pamon raises five objections to the Magistrate Judge's Order.  Throughout her objection, she erroneously cites Rule 72(b), but this order is about non-dispositive motions and thus is covered by Rule 72(a).  Under Rule 72(a), the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[1]  Accordingly, the Court considers her five objections in turn.

First, Pamon objected to the Magistrate Judge's "incorrect finding" that she cited cases that do not exist and misrepresented the holdings of other cases.  The Magistrate Judge's order referenced two cases cited by Pamon. *McCarty v. United States*, 2015 WL 1543969, and *Harris v. Dallas Cnty. Hosp. Dist.*, 2022 WL 17830420.  The Court also did not find these cases associated with the corresponding Westlaw

---

[1] FED. R. CIV. P. 72(a).

1

citation. The Court provided Pamon an opportunity to provide PDF copies of the cited cases to support her argument that the cases existed.[2] Instead, Pamon "withdrew" the notice that included the citations[3] and failed to provide PDF copies of the cases.[4] So the Magistrate Judge's ruling is not clearly erroneous.

Second, Pamon objects to an improper warning regarding the use of AI. But because the two cases referenced above do not correspond to a case with the Westlaw citation—and Pamon failed to provide the Court with PDF copies of the cases—the warning regarding the use of AI was proper under the circumstances.

Third, Pamon objects to the fine of $610 imposed under Rule 37(d) by the Magistrate Judge. Pamon argues that the Magistrate erred by failing to consider her numerous discovery filings before issuing the sanction. But United States Postal Services failure to give Pamon every document requested does not alleviate her from her obligations for discovery. And even construing Pamon's filings liberally, she did not seek a protective order, instead she flooded the Court with frivolous filings. Moreover, Pamon was not deprived of due process because of the fine. She failed to complete her discovery obligations—without a substantial justification—and Rule 37(d)(1)(A)(i) permits sanctions for such conduct. For these reasons, the Court finds that the Magistrate Judge's imposition of the fine was not clearly erroneous or contrary to law.

---

[2] Doc. 156.

[3] Doc. 157.

[4] Doc. 158.

Fourth, Pamon objects to the Magistrate Judge's construction of Local Rule 7.1(h). Local Rule 7.1 outlines motions practice in the Northern District. A certificate of conference is required and was not filed; this Court would strike such a motion immediately for failure to comply with the Local Rules. Having considered the Magistrate Judge's order, the Court does not find that she made a clear error regarding the local rules.

Fifth, and finally, Pamon objects that Magistrate Judge Toliver is biased against her. Her "evidence" is that her motions were denied while United States Postal Services's motions were granted. But she never considers the quality (and quantity) of motions. Her motions were denied because they were unmeritorious and frivolous, while United States Postal Services's motions had a legitimate basis in law and fact. This argument fails and the Court finds no bias from the Magistrate Judge.,

Having considered all of Pamon's objections, the Court **DENIES** granting her any relief from the underlying order.

**IT IS SO ORDERED** this 22nd day of July, 2026.

Brantley Starr
UNITED STATES DISTRICT JUDGE

3